DORIS HARSHAW D/B/A HARSHAW BONDING COMPANY AND JO WILKINS D/B/A JO WILKINS BONDING COMPANY, PLAINTIFFS v. HUSSAIN MUSSALLAM MUSTAFA, DEFENDANT, AND JOHN ESSA AND NABIL HANHAN, INDIVIDUALLY AND DOING BUSINESS AS SULTANA INVESTMENTS, A PARTNERSHIP, INTERVENOR DEFENDANTS

No. 8618SC668

(Filed 3 February 1987)

**Arrest and Bail § 11.2— appearance bond—forfeiture order—accrual of surety's action against principal**

Where forfeiture of an appearance bond has been ordered upon failure of the principal to appear for trial, a surety's cause of action against the principal accrues upon a showing that the principal has evaded process by leaving the jurisdiction even though the surety has not yet been ordered to pay the amount of the bond to the court.

APPEAL by intervenor defendants from *Williams, Fred J., Judge.* Judgment entered 30 January 1986 in GUILFORD County Superior Court. Heard in the Court of Appeals 10 December 1986.

This cause of action stems from defendant Mustafa's failure to appear in District Court on 31 May 1985. The trial court ordered forfeiture of an appearance bond on which plaintiffs Harshaw and Wilkins were securities in the amounts of $20,000 and $5,000 respectively. Plaintiffs alleged in a verified complaint filed 7 June 1985 that, upon information and belief,

Defendant (Mustafa) has the present intention of defrauding his creditors by leaving North Carolina and returning to Kuwait where he will be beyond the reach of North Carolina Civil process. Moreover, the Defendant has the intention of avoiding the domestic courts of North Carolina which are likely to grant custody of the Defendant's minor child to the mother of said child rather than the Defendant. Upon information and belief, Defendant has either left the territory of the United States or is keeping himself concealed within the United States to avoid service of summons and other legal process.

Although plaintiffs had not yet been required to pay the bond, they sought attachment of defendant's real property located at 1309 Juniper Street in Greensboro to secure a money judgment in the amount of $25,000 plus interest and costs. Attachment process

---

---

was issued against the property and plaintiffs filed a *lis pendens* against the property on 7 June 1985. On 11 June 1985, the Sheriff of Guilford County levied execution of attachment on the property, thus perfecting plaintiffs' claim.

On 12 June 1985, John Essa and Nabil Hanhan, individually and doing business as Sultana Investments, intervenor defendants, filed a deed in Guilford County which purported to be an earlier conveyance to them of defendant's real property. On 12 July 1985, Sultana filed a motion under N.C. Gen. Stat. § 1-440.43 to dissolve the order of attachment on the basis that the property had been conveyed to Sultana before plaintiffs filed a *lis pendens* but that the attorney whose responsibility it was to record the deed became ill soon thereafter and subsequently died. Before this matter was heard, plaintiffs obtained entry of default and judgment in the amount of $25,000 against defendant Mustafa. On 26 September, Sultana's motion to dissolve the order of attachment was denied.

On 2 October 1985, Sultana filed a motion under G.S. § 1A-1, Rule 60(b) of the N.C. Rules of Civil Procedure to have the judgment against Mustafa set aside. Sultana did not file a motion to intervene until 14 October, which the court granted. The court, which had deemed the Rule 60(b) motion to have been filed on the same date as the motion to intervene, later denied the 60(b) motion and a motion under Rule 12(b)(6) of the N.C. Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Intervenor defendants appealed.

*Hatfield and Hatfield, by John B. Hatfield, Jr., and Peggy Kusenberg, for plaintiffs-appellees.*

*Benjamin D. Haines for Intervenor defendants-appellants.*

WELLS, Judge.

Intervenor defendants present two questions for review: whether the court erred in denying their Rule 12(b)(6) motion to dismiss and their Rule 60(b) motion to vacate judgment. However, the linchpin of both arguments as presented by Sultana is the same: that plaintiffs filed this action before their right against Mustafa accrued. We shall therefore begin our discussion by addressing this issue.

When defendant Mustafa failed to appear at the trial on 31 May, the court ordered forfeiture of the appearance bond. Plaintiffs, who posted the $25,000 bond, had not yet been ordered to pay that amount to the court when they filed their complaint against Mustafa. Sultana contends that a surety's right of action accrues when payment is actually made and that therefore plaintiffs' action is premature. We disagree.

Very few cases on this issue have been decided in North Carolina in recent years. The leading case is *Insurance Co. v. Gibbs*, 260 N.C. 681, 133 S.E. 2d 669 (1963). The dispute in *Gibbs* centered on a portion of a contract in which plaintiff agreed to pay claims brought against defendant transport company by shippers or consignees. In the contract, Gibbs had expressly agreed to reimburse plaintiff for any such payments made. Plaintiff was therefore a surety on these obligations, and plaintiff sought to recover from the principal for payments made pursuant to those claims. Defendant contended that plaintiff stood in the shoes of the claimants it paid and that, since the statute of limitations had run barring any possible suit by the claimants, plaintiff's cause of action was similarly barred. The *Gibbs* court disagreed:

> A surety who, pursuant to his contractual obligation, pays the debt of his principal has a right of action to recover the sum so paid. The principal is not obligated to his surety until his surety has made a payment. The surety's right of action accrues at the time of payment, not before.

*Id.* The apparent rationale for such a rule is to prevent a surety from filing suit when it is still quite possible that the principal will himself pay the debt. Although the rule works well as a general principle and in particular with regard to statute of limitation questions, such cases as the one at bar must be distinguished. Here, the question is not whether the plaintiffs will be made to pay, but when: forfeiture has been ordered and there is evidence that defendant has returned to Kuwait in order to avoid jurisdiction of our courts. To adhere to the general rule set out in *Gibbs* would be to deny plaintiffs any recourse; only by filing this action and attaching defendant's property have they prevented a questionable conveyance of the property until the matter could be adjudicated. Therefore, we hold that where forfeiture of an appearance bond is ordered, a surety's cause of action accrues upon

a showing that the principal has evaded process by leaving the jurisdiction. Intervenor defendants' motions to dismiss and to vacate judgment were properly denied, and the decision of the trial court is

Affirmed.

Judges MARTIN and PARKER concur.